# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

DARRYL D. BURT,

       Plaintiff,

    vs.                                                                                           No. CIV 98-1270 JC/KBM

BERNALILLO COUNTY SHERIFF'S
DEPARTMENT, et al.,

       Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Defendants' Motion for Summary Judgment, filed June 14, 1999 *(Doc. 16)*. Defendants argue that summary judgment on the due process claims is warranted thus requiring dismissal of this cause in its entirety. Defendants also argue that Defendant Sheriff Joe Bowdich is entitled to qualified immunity. Plaintiff, however, contends that he is entitled to summary judgment in his favor.

**A**      **Background**

Plaintiff was formerly employed as a Bernalillo County Deputy Sheriff. In 1995, Defendants suspended Plaintiff without pay when a grand jury returned a thirty-four count indictment against Plaintiff alleging sexual crimes. No pre-suspension hearing was held. The suspension notice stated that: "Pursuant to Section 30.A of the current bargaining agreement between Bernalillo County and the Bernalillo County Deputy Sheriff's Association, you are hereby suspended, without pay, pending the judicial determination of guilt or innocence." Exhibit B (attached to Defs.' Mem. Br. in Sup. of

their Mot. for Summ. J. [Defendants' brief], filed June 14, 1999). Sixteen months after the indictment was returned, Plaintiff pled guilty to lesser charges and resigned from his position as Sheriff's Deputy. At the time of the plea, Defendants notified Plaintiff of their intent to terminate him from his position. Plaintiff did not receive a post-suspension hearing at any time. Plaintiff's Amended Complaint for Civil Rights Violations and Damages asserts that Defendants violated Plaintiff's Fourteenth Amendment and state constitutional due process rights by suspending him without a pre-suspension or reasonably prompt post-suspension hearing.

**B.** **<u>Summary Judgment Standard</u>**

Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56( c). The Federal Rules of Civil Procedure provide that it is the movant's burden to demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 321-23 (1986). Once the movant has made such a showing, the adverse party "may not rest upon the mere allegations or denials of [their] pleading[s], [they] must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). In reviewing a motion for summary judgment, "[t]he evidence must be viewed in the light most favorable to the nonmoving party, *Frandsen v. Westinghouse Corp.*, 46 F.3d 975, 977 (10th Cir. 1995), even when it is produced by the moving party." *Buchanan v. Sherrill*, 51 F.3d 227, 228 (10th Cir. 1995). "Summary judgment is only appropriate if 'there is [not] sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.'" *Biester v. Midwest Health Servs., Inc.*, 77 F.3d 1264, 1266 (10th Cir. 1996) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). "Thus, to defeat a summary judgment motion, the

non-movant 'must do more than simply show that there is some metaphysical doubt as to the material facts.'" *Id.* (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986)). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted).

**C.     Discussion**

**1.     Failure to Provide a Pre-Suspension Hearing**

In *Gilbert v. Homar,* 520 U.S. 924 (1997), the United States Supreme Court held that a police officer charged with crimes and subsequently suspended without pay because of those criminal charges is not entitled to a pre-suspension hearing. It is undisputed that Plaintiff was suspended without pay because of the indictment against him. Following *Gilbert*, Plaintiff was not entitled to a pre-suspension hearing. That being so, summary judgment is appropriate in Defendants' favor on the pre-suspension hearing claim.

**2.     Failure to Provide a Post-Suspension Hearing**

*Gilbert* further recognized "that where a State must act quickly, or where it would be impractical to provide predeprivation process, postdeprivation process satisfies the requirements of the Due Process Clause." *Id*. at 930. A post-suspension hearing, however, must be promptly made. *Id*. at 935 ("Whether respondent was provided an adequately prompt post-suspension hearing in the present case is a separate question.") In this case, it is undisputed that no post-suspension hearing was held let alone promptly held. On the face of these facts, I find that Defendants' failure to provide a post-suspension hearing violated Plaintiff's right to due process.

Although there was a violation of Plaintiff's right to due process by Defendants' failure to provide a post-suspension hearing, Plaintiff is nonetheless not entitled to summary judgment on the post-suspension hearing issue for two reasons. First, the post-suspension hearing due process violation is moot. The Tenth Circuit has held that technical violations of due process rights can be harmless error and therefore moot. *Brooks v. Tansy*, 1992 WL 6160 at **3 (10th Cir.1992) ("As to the constitutional due process claim, attacks on the technical validity of indictments by a grand jury become harmless error and therefore moot and unreviewable after a jury has found a defendant guilty after trial.") If a plaintiff resigns from his position of his own free will, even as a result of a defendant's actions, then he voluntarily relinquishes his property interest in his employment and, thus, the defendant does not deprive the plaintiff of a property interest without due process of law. *See Parker v. Board of Regents of Tulsa Jr. College*, 981 F.2d 1159, 1161-62 (10th Cir.1992). *See also Cacy v. City of Chichasha, Okla.*, 1997 WL 537864 (10th Cir. 1997). The undisputed facts of this case indicate that Plaintiff voluntarily resigned before Defendants could terminate him. That resignation makes any failure to provide a post-suspension hearing at the most harmless error since Plaintiff no longer had a property interest in his employment.

The second reason Plaintiff is not entitled to summary judgment on the post-suspension hearing issue concerns the concept of waiver. Defendants persuasively argue that Plaintiff's participation in the drafting of the collective bargaining agreement (CBA) amounted to a waiver of Plaintiff's due process right to a post-suspension hearing. The CBA does not provide for a post-suspension hearing when a police officer has been charged with an offense until there is a judicial determination. CBA at § 30(A) (attached as Exhibit C to Defendants' brief).

In *Erie Telecommunications, Inc. v. City of Erie, Pa.,* 853 F.2d 1084, 1096 (3rd Cir. 1988), the court held that

> constitutional rights, like rights and privileges of lesser importance, may be contractually waived where the facts and circumstances surrounding the waiver make it clear that the party foregoing its rights has done so of its own volition, with full understanding of the consequences of its waiver. Such volition and understanding are deemed to be, and indeed have been held to be, present, where the parties to the contract have bargaining equality and have negotiated the terms of the contract, and where the waiving party is advised by competent counsel and has engaged in other contract negotiations.

In New York, "due process requirements are not of controlling relevance if the party seeking to assert them has waived them in a voluntary agreement such as a collective bargaining agreement." *Romano v. Canuteson*, 11 F.3d 1140, 1141 (2nd Cir. 1993). *See also Spencer v. New York City Transit Auth.*, 1999 WL 51814 (E.D.N.Y. 1999). In this case, it is undisputed by any sworn evidence that Plaintiff was part of the bargaining unit which negotiated the CBA at issue. Plaintiff actually engaged in the contract negotiations. Plaintiff has not presented any evidence that he did not voluntarily and with full understanding waive his right to a post-suspension hearing until a judicial determination when the CBA became effective. There is also no evidence that the bargaining of the CBA was unequal for any reason. For these reasons, I find that Plaintiff waived his right to a post-suspension hearing until a judicial determination. Since Plaintiff's due process claims are not actionable, there is no need to address Defendants' qualified immunity defense. *See Kaul v. Stephan*, 83 F.3d 1208, 1213 (10th Cir. 1996). In sum, Defendants' Motion for Summary Judgment is well taken and should be granted.

Wherefore,

IT IS ORDERED that Defendants' Motion for Summary Judgment, filed June 14, 1999 *(Doc. 16)*, is **granted** and this cause is **dismissed** with prejudice.

DATED this 19th day of July, 1999.

*[signature: John Edwards Conway]*

**CHIEF UNITED STATES DISTRICT JUDGE**

Counsel for Plaintiff:       K. Lee Peifer
                                    Law Office of K. Lee Peifer
                                    Albuquerque, New Mexico

Counsel for Defendants:     Sean Olivas
                                    Gary J. Van Luchene
                                    Keleher & McLeod, P.A.
                                    Albuquerque, New Mexico